

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JUN 1 1 2019

CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

UNITED STATES OF AMERICA

v.

ABDULRAHMAN ABDELAZIZ JAMEA
ARTHUR LEE WORTHY, II
MOHAMMED JIBRIL

Criminal No. 19-167

## INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Scott W. Brady, United

States Attorney for the Western District of Pennsylvania, and Shanicka L. Kennedy, Assistant

United States Attorney for said District, and submits this Indictment Memorandum to the Court:

## I. THE INDICTMENT

A federal grand jury returned a seven-count Indictment against the above-named

defendants for alleged violations of federal law:

| COUNT | OFFENSE DATE | TITLE/SECTION | DEFENDANT CHARGED |
|---|---|---|---|
| 1 | Conspiracy to commit armed pharmacy robbery From on or about September 27, 2018 through May 10, 2019. | 18 U.S.C. § 2118(d) | All defendants |
| 2 | Conspiracy to possess with intent to distribute and distribute controlled substances From on or about September 27, 2018 through May 10, 2019. | 21 U.S.C. § 846 | All defendants |
| 3, 4, 5, 6, and 7 | Armed pharmacy robbery On or about September 27, 2018 (Count 3), November 17, 2018 (Count 4), November 22, 2018 (Count 5), December 7, 2018 (Count 6) and May 10, 2019 (Count 7). | 18 U.S.C. §§ 2118(a) and (c) | JAMEA-All Counts WORTHY, II-Counts 4, 5, 6 JIBRIL-Count 6 |

## II. ELEMENTS OF THE OFFENSES

**A.**     **As to Count 1:**

In order for the crime of conspiracy to commit armed pharmacy robbery, in violation of 18 U.S.C. § 2118(d), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.     That the defendant and at least one other person agreed to commit a robbery of a pharmacy.

2.     That the defendant knowingly and intentionally joined in the agreement.

3.     That at least one conspirator committed an overt act in furtherance of the conspiracy.

**B.**     **As to Count 2:**

In order for the crime conspiracy to possess with intent to distribute and distribute various Schedule II controlled substances, in violation of 21 U.S.C. § 846, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.     That two or more persons agreed to distribute and possess with intent to distribute a controlled substance.

2.     That the defendant was a party to or member of that agreement.

3.     That the defendant joined the agreement or conspiracy knowing of its objectives to distribute and possess with intent to distribute a controlled substance and intending to join together with at least one other alleged conspirator to achieve those objectives; that is, that the defendant and at least one other alleged conspirator shared a unity of purpose and the intent to achieve those objectives.

4.     That the substances are Schedule II controlled substance.

C.      As to Counts 3, 4, 5, 6, and 7:

In order for the crime of armed pharmacy robbery, in violation of 18 U.S.C. §§ 2118(a) and (c), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.      That the defendant took or attempted to take from the person or presence of another by force or violence or by intimidation any material or compound containing any quantity of a controlled substance belonging to or in the care, custody, control or possession of a person registered with the Drug Enforcement Agency under section 302 of the Controlled Substances Act (21 U.S.C. Section 822);

2.      That the defendant intended to take any material or compound containing any quantity of a controlled substance;

3.      That the replacement cost of the controlled substance to the person registered with the Drug Enforcement Administration was not less than $500.

4.      That the defendant intentionally put the life of another person in jeopardy by the use of a dangerous weapon or device.

### III.  PENALTIES

A.      As to Count 1:  Conspiracy to commit armed pharmacy robbery (18 U.S.C. § 2118(d)):

1.      A term of imprisonment of not more than ten (10) years.

2.      A fine not to exceed $250,000.

3.      A term of supervised release of up to three (3) years

B.      As to Count 2:  Conspiracy to possess with intent to distribute and distribute various Schedule II controlled substances (21 U.S.C. § 846):

1.      A term of imprisonment of not more than twenty (20) years.

3

2.       A fine not to exceed $1,000,000.

3.       A term of supervised release of at least three (3) years.

For a second or subsequent felony drug conviction that is final, whether federal, state, or foreign:

1.       A term of imprisonment of not more than thirty (30) years.

2.       A fine not to exceed $2,000,000.

3.       A term of supervised release of at least six (6) years.

**C.     As to Counts 3, 4, 5, 6, and 7:  Armed pharmacy robbery (18 U.S.C. §§ 2118(a) and (c)):**

1.       A term of imprisonment of not more than twenty-five (25) years.

2.       A fine not to exceed $250,000.

3.       A term of supervised release of up to three (3) years.

### IV. MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

### V. RESTITUTION

Restitution may be applicable in this case.

### VI. FORFEITURE

As set forth in the Indictment, forfeiture may be applicable in this case.

Respectfully submitted,

SCOTT W. BRADY
United States Attorney

SHANICKA L. KENNEDY
Assistant U.S. Attorney
PA ID No. 88306

4